G. G. B. GREEN and W. L. SWIFT v. URIAH T. STUART et al.

1. SALE OF PATENT RIGHT. *Failure of consideration.* The rule, where a failure of consideration is relied on as a defense to a note given for a patent right, is, that if the patent is valid, the consideration is good, although practically it may be of no great utility; and the question whether the patent is valid in this sense depends upon whether the thing patented is a "new and useful invention." The letters patent are only *prima facie* evidence that the invention is new and useful.

Cases cited: Cowan v. Dodd, 3 Col., 278.

2. BILLS AND NOTES. *Purchaser of note before maturity.* The purchaser of a note, before maturity, at a heavy discount, without notice, is an innocent purchaser only to the extent of the amount actually paid therefor, where the consideration upon which the note was executed fails.

  Cases cited: Petty *v.* Hannum, 2 Hum., 102; Holeman *v.* Hobson, 8 Hum., 127; May *v.* Campbell, 7 Hum., 450.

No record found.

McFARLAND, J., delivered the opinion of the court.

This bill was filed to rescind two separate contracts, by which Uriah T. and C. E. Stuart sold to the complainants, severally, certain rights they claimed under letters patent to manufacture and sell an improved cotton press, and to recover back the sums paid, and for this purpose to set aside certain conveyances made by the Stuarts of their property. It appears that at and before the time of sale said Stuarts exhibited to the complainants a model of the press for which they claimed a patent, and that they proposed to furnish, and did furnish, to the purchasers after the sale a similar model by which to construct their presses under the patent. These models were used as representing the presses patented and sold. It appears that said Stuarts possessed no patent for a press corresponding with said model. They did have a patent for a new invention of a cotton press. That part of the press which their patent shows they claimed as new " was the manner of combining in the operation of the press the rack and pinion with the rope and windlass," but they did not claim as new the rack, bar, and pinion. This appears in the schedule accompanying

their letters patent. The models exhibited did not
have the rope and windlass, or any manner of attach-
ing them, and, therefore, did not represent the peculiar
combination claimed to be patented. There is proof
that the said defendants represented that presses had
been constructed under their patent, and had operated.
successfully.

It appears that the assignments or transfers to the
complainants were within, and appended to copies of
the letters patent, and schedule, so that the complain-
ants had full opportunity to examine the same, but
notwithstanding this, the proof fully shows that the
sales were in fact made upon the models exhibited.
When the attention of one of the defendants was called
to the fact that the letters patent did not cover the
press represented by the model, the reply was that
the rope and windlass were inserted in the schedule
to prevent infringment, though this power was not
needed.

There is no proof that presses were constructed
upon the plan described in the schedule, with the rope
and windlass combined with the rack and pinion.. The
presses that were constructed were after the models
referred to, and according to the proof, when thus
constructed, were not valuable for the purpose intended.
In the language of some of the witnesses the presses
were a failure, and worthless.

We think the rule where a failure of consideration
is relied upon as a defense to a note given for a
" patent right" is well stated in the case of *Nash* v.

*Lull,* from the Supreme Court of Massachusetts, reported in 3 American Reports, 435.

.If the patent is valid the consideration is good, although practically it may be of no great utility. The question whether the patent is valid or not in this sense depends upon whether the improvement is a new and useful invention. The letters patent are only *prima facie* evidence that the invention is new and useful. If it appears that the new invention is -capable of being applied to some practical and beneficial purpose, then it is "a new and useful invention," and the subject of a patent, although not practically useful in a high degree, on the other hand, if the invention is incapable of being applied to any practical and beneficial purpose, or is merely frivolous, then it is not patentable, and the letters patent vest the patentee with no right which he may sell.

This is the substance of the doctrine of the case referred to, which seems well sustained by authority. See, also, *Cowan* v. *Dodd and Mitchell,* 3 Col., ·278.

The proof in the present case seems strong enough to bring the case within the doctrine stated, that is, that the invention was not capable of being applied to any practical or beneficial purpose.

But upon another ground we think the complainants are entitled to the relief. The defendants, in making the sales by use of models which did not embrace the only feature claimed as new in their patent, and in representing that machines so constructed were useful and successful, committed a fraud upon the com-

plainants.    The defendants had, in fact, no patent for the machine actually represented and sold.

Without reviewing at length the facts upon the questions in regard to the conveyances of property made by the Stuarts, it is sufficient to say that very soon after these and other sales made by them, they transferred and conveyed their property, so far as we can see, all, or nearly all, they possessed, being a considerable amount.    These transfers and conveyances were to their relatives, retaining in themselves, in some instances, the possession of the property conveyed. These conveyances were all at or about the same time. The reasons assigned for this course are not shown to be true.    It is not satisfactorily shown that anything was paid upon these sales or transfers.    It is not insisted that any considerable sums were paid.    We are satisfied that the conveyances and transfers were fraudulent.    The house and lot claimed by Roberts as purchaser, under the trust deed of Ormsby, we think is the property of the Stuarts.    We think this appears from the facts and circumstances, although the proof is not full upon this question.

The defendant Wilkerson purchased two of the notes given by the complainant Swift before their maturity, and without knowledge sufficient to entitle the complainant to avoid the note in his hands; but he purchased the note at twenty per cent. discount. He is only entitled to a decree against the complainant for the amount paid with interest.    In such case he is only to be protected as an innocent purchaser to that extent.    This is the rule established in *Petty*

v. *Hannum*, 2 Hum., 102; *Holeman* v. *Hobson*, 8 Hum., 127; *May* v. *Campbell*, 7 Hum., 450.

The decree of the Chancellor will be in all respects affirmed, with costs.